CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 13 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| VICKIE T. CONNER, | ) CASE NO. 4:11CV00047 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) By: B. Waugh Crigler |
| | ) U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's May 28, 2010 application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on April 29, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, January 29, 2010, and that she met the insured status requirements under the Social Security Act through December 31, 2014. (R. 13.) The Law Judge determined plaintiff suffered the following severe impairments: degenerative disc disease, a recurrent ventral hernia, and

obesity[1]. (*Id.*) The Law Judge did not believe she had an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 15.) The Law Judge found that plaintiff had moderate limitation of functional capacity, but that she retained the residual functional capacity ("RFC") to perform sedentary[2] exertional work. (*Id.*) The Law Judge determined that this RFC did not preclude plaintiff from performing her past relevant work as a hospital secretary. (R. 20.) Thus, the Law Judge ultimately found plaintiff was not disabled under the Act. (*Id.*)

Plaintiff appealed the Law Judge's April 29, 2011 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of

---

[1] At her March 10, 2011 hearing, plaintiff testified that she was 5'6" tall and weighed 305 lbs. (R. 30.)

[2] "Sedentary work" is defined as the capacity to lift or carry ten pounds occasionally and less than ten pounds frequently, stand or walk about two hours in an eight–hour workday, and sit about six hours in an eight–hour workday that involves no climbing ladders, ropes or scaffolds and only occasionally involved other postural activities such as climbing stairs or ramps, balancing, stooping, kneeling, crouching, and crawling. 20 C.F.R. § 404.1567(a).

2

the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff's sole argument is that the Law Judge erred by disregarding the opinions offered by treating sources William A. Fuller, Jr., M.D. and Michael K. Kyles, M.D. (Pl's Brief, p. 4.) Specifically, plaintiff argues that these two treating sources opined that she was disabled, and that there are no reports from consultative physicians which contradict these opinions. (*Id.*) The undersigned disagrees, and finds that the Law Judge gave proper weight to the opinions offered by Drs. Fuller and Kyles.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig*, 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson*, 434 F.3d at 653; *Craig*, 76 F.3d at 589.

3

The record reveals that Dr. Fuller, a general surgeon, operated on plaintiff on January 29, 2010 for a ventral hernia. (R. 427.) Plaintiff developed an infection in the incision site, and on February 9, 2010 she was admitted to the hospital. (R. 274-276.) During her hospitalization, Dr. Fuller evacuated a hematoma, removed the mesh and necrotic fat, and repaired the hernia for a second time with composite mesh. (R. 273.) Plaintiff was discharged on September 13, 2010 and was advised to avoid heavy lifting and straining. (R. 272-273.)

On February 15, 2010, plaintiff was seen by Dr. Fuller for follow up. (R. 348.) The surgeon found that her suture line looked good, and he recommended she continue to avoid heavy lifting and straining. (*Id.*) Two days later, Dr. Fuller found that plaintiff had been experiencing only mild pain postoperatively, and that she was in no acute distress. (R. 346.)

Plaintiff was readmitted to the hospital from February 19-25, 2010 due to persistent drainage from her abdominal wound and increasing pain. (R. 252.) Upon discharge, Dr. Fuller advised her to continue to avoid heavy lifting and straining and to return for follow up in one week. (R. 253.)

Dr. Fuller completed a private insurance form for plaintiff on March 10, 2010. (R. 381-382.) He noted that she was improved, but he suggested that she should not do any pulling or lifting until April 5, 2010. (*Id.*) The surgeon recommended that plaintiff stay out of work until April 5, 2010. (R. 382.)

On March 18, 2010, plaintiff was seen by Dr. Fuller for follow up. (R. 340.) At that time, plaintiff had complaints of abdominal edema and burning pain. (*Id.*) Her symptoms were found to be "slightly improved." (*Id.*)

4

On April 2, 2010, plaintiff returned to Dr. Fuller and reported that her pain was somewhat less severe. (R. 337.) The surgeon found that her wound was healed, and that the seroma[3] had resolved. (*Id.*)

Plaintiff was seen for a follow-up again on June 21, 2010. (R. 331.) Plaintiff reported that she was still experiencing right-sided abdominal pain. (*Id.*) Dr. Fuller found that her wound was well healed, but she was tender in one spot in the right lower quadrant of the abdomen. (*Id.*)

On July 2, 2010, Dr. Fuller completed another private disability insurance form. (R. 514-515.) The surgeon noted that plaintiff was suffering with abdominal wall pain which was increased by movement. (R. 515.) Dr. Fuller opined that plaintiff could not perform either sedentary level work or light level work. (R. 514.) He found that she had no restrictions, but that her activity was severely limited as a result of her pain. (R. 515.) The surgeon concluded that plaintiff's prognosis for return to work was "good" if her pain could be controlled. (*Id.*)

Plaintiff developed persistent right lower quadrant pain and tenderness, and on August 11, 2010, Dr. Fuller performed an abdominal wall exploration. (R. 442-443.) He removed a fascial suture in her abdomen which he thought was causing her pain by nerve entrapment. (*Id.*)

On August 20, 2010, Dr. Fuller saw plaintiff for follow up after the suture removal. (R. 475.) Plaintiff reported that she was feeling "much better," and the surgeon found that her wound was healing well. (*Id.*) Dr. Fuller suggested that plaintiff could perform activity as tolerated and asked that she return for follow up in one month. (*Id.*)

Plaintiff returned to Dr. Fuller on September 27, 2010. (R. 474.) At that time, Dr. Fuller noted that plaintiff was experiencing some discomfort in the area of the midline incision with

---

[3] Seroma is defined as "a tumorlike collection of serum in the tissues." Dorland's Illustrated Medical Dictionary 1723 (31st ed. 2007).

bending, but he found that her incisions had healed well and she had no palpable recurrent hernias. (R. 474.) Plaintiff was directed to follow up in six months. (*Id.*)

The Law Judge considered Dr. Fuller's July 2010 opinion and found that it was entitled to only "minimal weight." (R. 19.) Specifically, the Law Judge noted that this opinion was offered soon after plaintiff's hernia surgeries, and that Dr. Fuller's prognosis for plaintiff to return to work was good once her pain was under control. (*Id.*) This finding is supported by substantial evidence.

The record reveals that Dr. Kyles was plaintiff's treating orthopedist for various musculoskeletal issues. On November 23, 2010, Dr. Kyles completed a private disability insurance form. (R. 517-518.) The physician noted that plaintiff's diagnosis was cervical spondylosis, and that she had been out of work since January 27, 2010. (R. 517.) The physician opined that plaintiff had a moderate limitation of functional capability, but he believed that she was capable of clerical/administrative (sedentary) activity. (R. 518.) Dr. Kyles concluded that her progress was "unchanged," and he did not expect any significant improvement in the future. (*Id.*) The physician did not believe plaintiff was a suitable candidate for further rehabilitative services which would allow her to perform her past work or other work. (*Id.*)

On January 7, 2011, Dr. Kyles referred plaintiff for a MRI of the cervical spine. (R. 512.) The MRI revealed only "mild" disc degenerative changes, no significant spinal canal narrowing, the neural foramina canals were patent, and there was no focal cord signal abnormality. (*Id.*)

The Law Judge addressed Dr. Kyles' November 23, 2010 opinion and determined that it was entitled to "significant weight." (R. 19.) Specifically, the Law Judge found that the opinion

6

that she could perform clerical/administrative (sedentary) activity was supported by the totality of the medical evidence, noting that Dr. Kyles was plaintiff's treating physician. (*Id.*) These findings are supported by substantial evidence.

Plaintiff is correct in her assertion that there are no consultative examinations which contradict a conclusion that she was disabled. Even so, the record does contain opinions offered by two State agency record reviewing physicians which contradict her claim that she was disabled. On August 19, 2010, James Darden, M.D. determined that plaintiff could perform light exertional work. (R. 161-164.) Dr. Darden opined that, although plaintiff had some limitations, these limitations did not preclude her from returning to her past relevant work as a secretary. (R. 163.) On November 3, 2010, James Wickham, M.D. opined that plaintiff could perform light exertional work, and that she could return to her past relevant work as a secretary as it was actually performed by her. (R. 180-181.) When coupled with the Law Judge's determination of where the weight of the treating source evidence laid, there is substantial evidence to support the Law Judge's conclusions which the Commissioner adopted.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become

conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ *signature*
U.S. Magistrate Judge

6/13/12
Date